IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL LEE KASHER,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **E. GRANT WESNER, ET AL.,** | : | |
| Defendants | : | NO. 08-0459 |

**MEMORANDUM AND ORDER**

P<small>RATTER</small>, J.                                                                                                    A<small>UGUST</small> 14, 2008

    *Pro se* Plaintiff Daniel Lee Kasher sued E. Grant Wesner, Mark T. Roomberg, Williams F. Ochs, Jr., Santine Moyer, Ronald Moyer, Martin R. Goetz and Richard Forry pursuant to 42 U.S.C. § 1983 and state law for damages arising out of the repeated denial of parole during Mr. Kasher's incarceration and Mr. Kasher's service of his maximum term of incarceration.

    Mr. Roomberg, Mr. Goetz and Mr. Forry moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted and, in the case of Mr. Goetz, pursuant to Rule 12(b)(1) for lack of jurisdiction. Mr. Kasher opposed both motions and moved to stay consideration of the motions so that Mr. Kasher may file an amended complaint. For the reasons discussed below, the Court will in large part grant both motions and dismiss all claims against Messrs. Roomberg and Goetz and dismiss the Section 1983 claims against Mr. Forry. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), the Court will also dismiss all claims against Judge Wesner and the Section 1983 claims against Mr. Ochs, Ms. Moyer and Mr. Moyer. Amendment with respect to these claims and the claims against Messrs. Roomberg, Forry and Goetz would be futile.

    Absent an independent basis of jurisdiction, the Court declines to exercise supplemental

jurisdiction over Mr. Kasher's remaining state law claims. These claims will be dismissed without prejudice for lack of subject matter jurisdiction.

**FACTUAL BACKGROUND**

For the purposes of a motion to dismiss, the facts alleged in the Complaint are deemed to be true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The facts as alleged here are as follows.

On October 13, 1988, Mr. Kasher, while represented by counsel, pleaded guilty to criminal attempt to commit murder, robbery, burglary, aggravated assault, terroristic threats, indecent assault, unlawful restraint and conspiracy. (Compl. ¶ 17.) Pursuant to the plea agreement, Mr. Kasher was sentenced to an aggregate term of incarceration of five to twenty years, followed by ten years of probation. (Id. at ¶ 19.) No direct appeal was filed. (Id.) Following parole refusals in 1993, 1994, 1995, June 1996, December 1996 and 1997, Mr. Kasher filed a petition for a writ of habeas corpus in the Berks County Court of Common Pleas, which was summarily dismissed on September 22, 1997. (Id. at ¶ 23.)

Mr. Kasher subsequently filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-9551, which was also dismissed. (Id. at ¶ 24.) The dismissal was affirmed on appeal. (Id. at ¶ 25.) Mr. Kasher's second PCRA petition was also summarily dismissed. (Id. at ¶ 26.) The dismissal was upheld on appeal, and the Pennsylvania Supreme Court denied allocatur on November 1, 2005. (Id. at ¶ 27.) A third PCRA petition, filed on October 5, 2007, was also dismissed. (Id. at ¶ 28.) Mr. Kasher also filed a federal petition for habeas corpus in the Eastern District of Pennsylvania, which was denied on January

23, 2008. Kasher v. Klem, No. 05-6240, 2008 WL 203573 (E.D. Pa. Jan. 23, 2008).[1] The Court of Appeals for the Third Circuit subsequently denied Mr. Kasher's application for a certificate of appealability. Kasher v. Klem, No. 05-6240, Docket No. 21 (E.D. Pa. Apr. 3, 2008).

Defendant Judge Wesner, now deceased, presided over Mr. Kasher's criminal proceedings in the Berks County Court of Common Pleas (id. at ¶ 8); Mr. Roomberg, then Berks County Assistant District Attorney, prosecuted Mr. Kasher's criminal proceedings (id. at ¶ 9); Mr. Ochs, then Berks County Chief Public Defender, represented Mr. Kasher during his criminal proceedings (id. at ¶ 10); Santine and Ronald Moyer are the victims "involved in" Mr. Kasher's criminal proceedings (id. at ¶¶ 11-12); Mr. Goetz is a Pennsylvania state trooper (id. at ¶ 13); and Mr. Forry is a Berks County Probation and Parole officer (id. at ¶ 14).

Mr. Kasher alleges that he entered into his October 13, 1988 plea agreement "under the impression that the Count for indecent assault would not affect his eligibility for parole or prison status." (Id. at ¶ 29.) Mr. Kasher also alleges that:

> The Court via Defendant Wesner, offered this impression and further stated "if new facts come to your attention, you can appeal back to the Common Pleas Court."
>
> Despite Plaintiff's efforts to seek clarification, he was unable to discover the specific effects of his plea to the count of indecent assault until on or after August 13, 2007, when the Pennsylvania Board of Probation and Parole begin [sic] to implement Megan's Law which is having an adverse affect [sic] on Plaintiff's home plan.

(Id. at ¶¶ 30, 31.) Mr. Kasher alleges that he served his maximum sentence "as a result of the

---

[1] To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

procedure [sic] infractions and agreements and inducements that never materialized by the individual Defendants" (id. at ¶ 39); that his criminal proceedings were "disgustingly unfair and resulted in a gross and intolerable miscarriage of justice" (id. at ¶ 40); and that his "continued incarceration without the benefit of parole resulted from an egregious violation of rights afforded him by the United States Constitution and the Pennsylvania Constitution" (id. at ¶ 41).

With respect to Count I, it appears that Mr. Kasher is suing the Defendants pursuant to 42 U.S.C. § 1983 for violating his Fourteenth Amendment procedural and substantive due process rights. He alleges that the Defendants "altered and concealed Plaintiff's Pre-sentence Investigation report and conveyed materially false information" (Compl. ¶ 43), and "offered knowingly false testimony at Plaintiff's guilty plea and sentencing all with the specific intent to prolong Plaintiff's incarceration" (id. at ¶ 44). This conduct allegedly "caused Plaintiff to unnecessarily and wrongfully serve his maximum term of incarceration." (Id. at ¶¶ 43, 45.)

In Count II, Mr. Kasher alleges that the Defendants committed common law fraud by "making materially false statement [sic] concerning the affect of entering a plea to the count of indecent assault," upon which Mr. Kasher allegedly relied. (Id. at ¶¶ 47-53.) Count III is an allegation of conspiracy "to suppress Plaintiff's Pre-sentence Investigation Report and conceal it from Corrections officials." (Id. at ¶¶ 55-58.) And, finally, in Count IV, Mr. Kasher asserts an intentional infliction of emotional distress claim. (Id. at ¶¶ 59-63.)

Mr. Kasher seeks compensatory damages, punitive damages and injunctive relief, as well as fees and costs. (Compl. at 14, "Prayer for Relief.")

**STANDARD OF REVIEW**

This Court reviews Mr. Kasher's Complaint in accordance with the Prison Litigation

Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amends 28 U.S.C. § 1915.  Section 1915(e) requires a federal court to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Id. § 1915(e)(2)(B).  A court generally should be slow to dismiss a *pro se* plaintiff's complaint for failure to state a claim without giving the plaintiff a statement of the complaint's correctable deficiencies and a chance to cure the deficiencies.  However, if it is absolutely clear that amendment would futile or inequitable, dismissal without leave to amend is proper.  Neitzke v. Williams, 490 U.S. 319, 326-28 (1989); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

When he filed the present action on January 30, 2008, Mr. Kasher was a prisoner at the Pennsylvania State Correctional Institution at Mahanoy, nearing the conclusion of a 20-year maximum sentence.  (Compl. ¶¶ 3, 18.)  Mr. Kasher was released on June 30, 2008.  (Id. at ¶ 19; Docket No. 11.)   Even though Mr. Kasher recently was released from prison, this action nonetheless is subject to the PLRA because it was filed prior to his release.  See Drayer v. Attorney Gen. of Delaware, 81 F. App'x 429, 431 (3d Cir. 2003) (non-precedential) (holding that "if a litigant is a prisoner on the day he files a civil action, the PLRA applies"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (same).[2]  Therefore, the Court reviews his allegations in

---

[2] But cf. DeBlasio v. Gilmore, 315 F.3d 396 (4th Cir. 2003) (required partial fee payments are to be made only while the prisoner remains in prison and, upon release, his or her obligation to pay fees is determined like any nonprisoner); McGann v. Commissioner, 96 F.3d 28

accordance with the directives provided in 28 U.S.C. § 1915(e).

In reviewing complaints under 28 U.S.C. § 1915(e), federal courts apply the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Banks v. Hayward, No. 06-509, 2006 U.S. Dist. LEXIS 38386, at *3 (W.D. Pa. May 3, 2006), adopted by, 2006 U.S. Dist. LEXIS 34535 (W.D. Pa. May 26, 2006), aff'd, No. 06-3266, 2007 U.S. App. LEXIS 3157 (3d Cir. Feb. 13, 2007) (unpublished). Under Rule 12(b)(6), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-1965 (2007) (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

The Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)); see also Bell Atlantic, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences." Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

Mr. Kasher's *pro se* Complaint must be "liberally construed." Estelle v. Gamble, 429

(2d Cir. 1996) (same).

U.S. 97, 106 (1976). Due to the "understandable difference in legal sophistication," *pro se* litigants such as Mr. Kasher are held to "less stringent standards" than trained counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must construe *pro se* pleadings liberally and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002)). While the Court of Appeals for the Third Circuit traditionally has given *pro se* litigants "greater leeway where they have not followed the technical rules of pleading and procedure," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), all parties must nonetheless follow the Federal Rules of Civil Procedure, Thomas v. Norris, No. 02-1854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006).

**DISCUSSION**

**I.      Section 1983 Claim for Damages**

Any Section 1983 claim for damages fails as a matter of law where the underlying judgment of sentence and parole refusals have not been overturned or otherwise invalidated. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a State Tribunal authorized to make such determination, or called into question by a Federal Court's issuance of a *Writ of Habeas Corpus*.

Id. at 486-87.[3] Thus, unless a criminal conviction or sentence is overturned or invalidated, a

---

[3] To the extent Heck has been undermined or called into doubt, the Court follows the Court of Appeals for the Third Circuit in adhering to the Supreme Court's "admonition to lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened

prisoner may not succeed in a civil action for damages challenging the basis for the conviction. Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997).

Here, Mr. Kasher is directly challenging the length of his sentence. He alleges that he entered his guilty plea only after being given false information (Compl. ¶ 48), and that the Defendants' unlawful conduct caused him to "unnecessarily and wrongfully serve his maximum term of incarceration" (id. at ¶ 45). These allegations necessarily call into question the validity of Mr. Kasher's guilty plea, his sentence and the alleged parole denials. Accordingly, because neither Mr. Kasher's guilty plea nor his sentence have been overturned or invalidated, his Section 1983 claim for damages constitutes a collateral attack on those judgments and, therefore, is barred as to all Defendants.

## II.     Section 1983 Claim for Injunctive Relief

In addition to seeking damages, Mr. Kasher also seeks "[a]n order for injunctive relief against the Defendants and their employees from retaliating against Plaintiff." (Compl. at 14, "Prayer for Relief.") Although Heck v. Humphrey only applies to claims for damages, Mr. Kasher's claim for injunctive relief is also barred, albeit for different reasons. Quite simply, Mr. Kasher has failed to state a claim for injunctive relief. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974). Liberally construed, nothing in the Complaint indicates that any of the Defendants have or intend to "retaliate" against Mr. Kasher. The claim for injunctive relief thus lacks "sufficient

---

by pronouncements in its subsequent decisions, and to leave to the Court the prerogative of overruling its own decisions." Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (citing Agostini v. Felton, 521 U.S. 203, 237 (1997)).

8

immediacy and reality" to satisfy the case-or-controversy requirement and permit adjudication by a federal court. Id. (citing Golden v. Zwickler, 394 U.S. 103, 109 (1969)). Accordingly, Mr. Kasher's claim for injunctive relief also will be dismissed.

**III.    Judicial Immunity**

Judges are entitled to absolute immunity for actions undertaken in their judicial capacity. Pierson v. Ray, 386 U.S. 547, 554 (1967) (judicial immunity serves the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences"). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 (1985)). Accordingly, "judicial immunity cannot be overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. (citing Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.")).

Judicial immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for actions not taken in the judge's judicial capacity. Id. (citing Forrester v. White, 484 U.S. 219, 227-229 (1988); Stump v. Sparkman, 435 U.S. 349, 360 (1978)). Second, a judge is not immune for actions, though judicial in nature, taken in the absence of jurisdiction. Id. (citations omitted). To determine whether a government employee is entitled to immunity, the Court must accept the allegations in the complaint as true. Buckley v. Fitzsimmons, 509 U.S. 259, 261 (1993).

Here, the Court concludes that Judge Wesner is entitled to absolute immunity from suit

because at all relevant times, he acted in his judicial capacity. The Complaint alleges that Judge Wesner misrepresented to Mr. Kasher the effect of pleading guilty to the indecent assault charge. (See Compl. ¶¶ 29-30, 48.) Even liberally construed, however, Mr. Kasher does not allege any actions on the part of Judge Wesner that fell outside his judicial capacity. See Stump, 435 U.S. at 362 ("whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."); Forrester, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). As the Supreme Court has noted, "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id. at 356.

Thus, regardless of whether Judge Wesner intentionally or unintentionally made any false statements at all concerning the effect of a guilty plea, and regardless of whether these statements, if made, were made with malice, Judge Wesner is entitled to absolute immunity and *all* claims against him will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**IV.     Prosecutorial Immunity**

Prosecutors are entitled to absolute immunity for acts "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). To determine immunity, the Court must examine "the nature of the function performed, not the identity of the actor who performed it." Id. (citing Forrester, 484 U.S. at 229).

Here, all allegations against Mr. Roomberg are related to his prosecutorial role at Mr.

Kasher's guilty plea and, therefore, Mr. Roomberg is entitled to absolute immunity.  See Imbler, 424 U.S. at 430 (holding that allegations of false testimony and suppressed material evidence were "intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force").  Accordingly, *all* claims against Mr. Roomberg will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**V.    Section 1983 Claims Against Mr. Ochs, Ms. Moyer and Mr. Moyer**

As previously discussed, the Section 1983 claims against all Defendants are barred under Heck v. Humphrey and for failure to state a cognizable claim for injunctive relief.  In the alternative, however, Mr. Kasher has failed to state a Section 1983 claim against Messrs. Ochs and Moyer and Ms. Moyer because these individuals are not state actors.

To state a claim for relief under Section 1983, Mr. Kasher must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  42 U.S.C. § 1983; American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  This under-color-of-state-law element of Section 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful."  Id. at 50 (citations and internal quotation marks omitted).

**A.    Mr. Ochs**

The Complaint alleges that Mr. Ochs, as Chief Public Defender for Berks County, represented Mr. Kasher during his criminal proceedings.  (Compl. ¶ 10.)  It is well settled that a criminal defense attorney is not a "state actor" for purposes of a Section 1983 claim, regardless of whether the attorney is a private attorney or a public defender.  Banks, 2006 U.S. Dist. LEXIS 38386, at *4-5.  Court-appointed counsel do not act "under color of state law" in performing their

11

duties as counsel to a criminal defendant, and thus, "court-appointed counsel are absolutely immune from civil liability under § 1983." Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, Stoica v. Stewart, 459 U.S. 916 (1982); Smith v. Jurman, No. 06-6019, 2007 U.S. Dist. LEXIS 3356, at *8 (D.N.J. Jan. 11, 2007) ("In any event, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties.").

Here, Mr. Kasher has not alleged any facts showing that Mr. Ochs is a state actor for purposes of imposing liability under Section 1983. Accordingly, even if the Section 1983 claims against Mr. Ochs are not otherwise barred, they are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    **B.**     **The Moyers**

The under-color-of-state-law element of Section 1983 applies with equal force to any Section 1983 claims against the Moyers. According to the Complaint, the Moyers are the victims "involved in Plaintiff's criminal case." (Compl. ¶¶ 11, 12.) There are no allegations indicating that the Moyers could be considered state actors for purposes of Section 1983. Thus, any actions by the Moyers, "no matter how discriminatory or wrongful," constitute "private conduct" and, therefore, are excluded from the ambit of Section 1983. See Sullivan, 526 U.S. at 50 (citations and internal quotation marks omitted). Accordingly, even if the Section 1983 claims against the Moyers are not otherwise barred, they are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**VI.**     **Sovereign Immunity**

As previously discussed, the Section 1983 claims against all Defendants are barred under

Heck v. Humphrey and for failure to state a cognizable claim for injunctive relief.  In alternative, Mr. Goetz asserts that the Section 1983 claims brought against him in his official capacity are barred by the doctrine of sovereign immunity.

The Eleventh Amendment to the United States Constitution immunizes states and their agencies from federal suits by private parties.  U.S. Const. amend. XI; Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997).  This immunity extends to "suits against departments or agencies of the state having no existence apart from the state."  Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).  State officials acting in their official capacity receive the same protection from suit as is provided to their government entity.  Hafer v. Melo, 502 U.S. 21, 25 (1991).

There are two circumstances where a state's Eleventh Amendment immunity does not apply.  A state may consent to being sued, or Congress may specifically abrogate this immunity pursuant to a valid exercise of power.  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000).  Neither of these exceptions apply here.  First, Pennsylvania has explicitly withheld its consent to suit in federal court.  42 Pa. C.S. § 8521(b).  Second, "[s]ince Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment."  Blanciak v. Alleghency Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1989) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Quern v. Jordan, 440 U.S. 332, 339-46 (1979)).

Pursuant to Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not shield state officials from suit in their official capacities where prospective injunctive relief is sought.  Id. at 159-60; Koslow v. Commonwealth of Pa., 302 F.3d 161, 168 (3d Cir. 2002).  Mr. Kasher seeks "[a]n order for injunctive relief against the Defendants and their employees from

13

retaliating against Plaintiff or those representing him in this case." (Compl. at 14, "Prayer for Relief.") The Young exception, however, does not apply to *speculative* requests for prospective injunctive relief. See Hindes v. F.D.I.C., 137 F.3d 148, 166 (3d Cir. 1998) ("The type of prospective relief permitted under Young is relief intended to prevent a *continuing* violation of federal law.") (emphasis added). Thus, sovereign immunity applies here.

At all relevant times, Mr. Goetz was a Pennsylvania state trooper. (Compl. ¶ 13.) He is being sued in both his official and individual capacities. (Id.) The Pennsylvania State Police is an agency of the Commonwealth of Pennsylvania that has no existence separate from the Commonwealth. 71 Pa. C.S. § 61, 65; Grabiak v. Pennsylvania State Police, No. 05-6318, 2006 WL 2381766, at *3 (E.D. Pa. Aug. 14, 2006). Thus, even if Mr. Kasher's Section 1983 claims are not otherwise barred, any claims against Mr. Goetz in his official capacity are dismissed.

**VI.     State Law Claims**

In addition to the Section 1983 claims, Mr. Kasher also has alleged state law claims. However, absent an independent source of federal subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over Mr. Kasher's state law claims. See 28 U.S.C. § 1367(c); Osborn v. Haley, 127 S. Ct. 881, 896 (2007) (citations omitted) (where only state law claims remain after resolution of federal questions, whether to retain jurisdiction is within the district court's discretion); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-351 (1988) (when federal character of removed case is eliminated while the case is *sub judice*, court has discretion to retain jurisdiction, to remand, or to dismiss). Thus, any state law claims of Mr. Kasher are dismissed without prejudice for lack of subject matter jurisdiction.

**CONCLUSION**

With respect to all Defendants, the Court concludes that Mr. Kasher's Section 1983 claim for damages is barred under the doctrine of Heck v. Humphrey because it constitutes a collateral attack on his guilty plea and sentence. His claim for injunctive relief is also dismissed because it is too remote to satisfy the case-or-controversy requirement.

Alternatively, any Section 1983 claims against Mr. Mr. Ochs, Ms. Moyer and Mr. Moyer are absolutely barred because these individuals are not state actors. And under the doctrines of judicial and prosecutorial immunity, *all* claims against Judge Wesner and Mr. Roomberg are barred as a matter of law. Accordingly, amendment would be futile and the Court will dismiss Mr. Kasher's Section 1983 claims as to all Defendants.

Absent any independent basis of federal subject matter jurisdiction, the Court dismisses Mr. Kasher's remaining state law claims for lack of subject matter jurisdiction.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL LEE KASHER,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **E. GRANT WESNER, ET AL.,** | : | |
| Defendants | : | NO. 08-0459 |

## ORDER

AND NOW, this 14th day of August, 2008, upon consideration of the Motion to Dismiss of Defendants Mark T. Roomberg and Richard Forry (Docket No. 7) and Plaintiff's response thereto (Docket No. 10), it is hereby ORDERED that the Motion is GRANTED as follows:

1. Any and all claims against Mark T. Roomberg are DISMISSED.

2. Any Section 1983 claims against Richard Forry are DISMISSED.

3. Any state law claims against Richard Forry are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Upon consideration of the Motion to Dismiss of Defendant Martin R. Goetz (Docket No. 12) and Plaintiff's response thereto (Docket No. 13), it is hereby ORDERED that the Motion is GRANTED as follows:

1. Any Section 1983 claims against Martin R. Goetz are DISMISSED.

2. Any state law claims against Martin R. Goetz are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii):

1. Any and all claims against E. Grant Wesner are DISMISSED.

2. Any Section 1983 claims against Williams F. Ochs, Jr., Santine Moyer and Ronald Moyer are DISMISSED.

IT IS FURTHER ORDERED that any remaining state law claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Consideration (Docket No. 10) is DENIED.

The Clerk of the Court is instructed to CLOSE this case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge